Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4145 | **DATE** | 9/14/2011 |
| **CASE TITLE** | Omar Ortiz (#R-74010) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#7] is granted. The Court authorizes and orders the trust fund officer at the Plaintiff's place of confinement to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to the inmate trust account office at Stateville Correctional Center. However, the Cook County Jail is dismissed as a Defendant. The Clerk is directed to issue summons for Defendant Correctional Officer Forbes, and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's earlier i.f.p. application and motion for appointment of counsel [#4] are denied.

■ **[For further details see text below.]**                                                   **Docketing to mail notices.**

## STATEMENT

Plaintiff, presently in state custody at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging excessive use of force. Plaintiff alleges that on March 25, 2011, Defendant Forbes grabbed him and choked him, slamming him into cell bars and the wall. As a result of the incident, Plaintiff alleges he was taken to Stroger Hospital where he spent the night, and received three staples to close the wound to his head.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $47.05. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Forbes for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). However, the Cook County Jail is dismissed as a Defendant as it is not a suable entity. *See e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993).
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

      The Clerk shall issue summons to Defendant Forbes (hereinafter, "Defendant") forthwith and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

      The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer can be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on his behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff submitted an earlier i.f.p. application that the Court determined to be insufficient, combined with a motion for appointment of counsel [#4]. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

      After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

      As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.