IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMAR ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 4145 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CORRECTIONAL OFFICER ROBERT FORBES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, acting *pro se,* brought suit pursuant to 42 U.S.C. § 1983, alleging that defendant, Correctional Officer Robert Forbes, subjected him to excessive force on March 25, 2011, while he was a detainee in the Cook County Jail. Defendant Forbes has moved to dismiss plaintiff's complaint, arguing that plaintiff failed to exhaust his administrative remedies prior to filing suit. For the reasons contained in this order, defendant's motion is denied.

The Prison Litigation Reform Act of 1996 requires comprehensive administrative exhaustion. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000); Booth v. Churner, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999); Smith v. Zachary, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the Cook County Jail with respect to the form and timeliness of grievances. Pozo v. McCaughtry, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner,

he was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2001).

Plaintiff alleges in his complaint and response to defendant's motion that defendant attacked him on March 25, 2011. After the alleged attack, he was taken to Cermak Health Services and treated for his injuries. He was returned to the Jail on March 26, 2011, and placed in segregation. Plaintiff was transferred to Stateville Correctional Center ("Stateville") on March 28, 2011, where he remained until September 2, 2011, when he returned to the Cook County Jail. While incarcerated at Stateville, Plaintiff alleges that he asked about filing a grievance regarding defendant's attack, but was told that because he was no longer housed at the Jail he could no longer file a grievance. Because Plaintiff does not contest the fact that he did not file a grievance in this matter, the only question remaining is whether, because of his transfer to Stateville, plaintiff had any available administrative remedy.

The Seventh Circuit has held that transfer to a different correctional facility may make the grievance process unavailable if the transfer terminates the administrative process. Flournoy v. Schomig, 152 Fed. Appx. 535, 538 (7th Cir. 2005). The Seventh Circuit has not held as a matter of law that a transfer from Cook County to another facility, prior to completion of the grievance process, renders such remedies unavailable. Some courts hold that the mere fact of a transfer does not affect a prisoner's obligation to exhaust his administrative remedies before filing suit. See, e.g., Napier v. Laurel County, 636 F.3d 218, 223-24 (6th Cir. 2011); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002). Others are more realistic (particularly in the case of a transfer from a county facility to a state facility), concluding that such a transfer may render

2

administrative remedies at the transferor facility unavailable. See Rodriguez v. Westchester County Jail Correctional Dep't, 372 F.3d 485, 488 (2d Cir. 2004); Bradley v. Washington, 441 F. Supp. 2d 97, 102-03 (D.D.C. 2006).

Under either approach, the analytical starting point is the transferor jail's regulations. Defendant has attached two affidavits to their motion, and attached to both affidavits is a copy of the Cook County Jail's grievance policy. Neither the affidavits nor the policy itself address the question of whether the grievance process is available to detainees who transfer to a different facility. (see Defendant's Exhibits B and C, and attachments). In their reply, defendant refers the court to a recent Northern District opinion in an attempt to establish that, as a matter of law, the Cook County Jail grievance procedure remains available, even when detainees are transferred to a different facility. See Thompson v. Jones, Case No 11 C 1288, 2012 U.S. Dist. LEXIS 120677 (N.D. Ill. August 24, 2012) (Tharp, J.)

The instant case is distinguishable from Thompson. First, Thompson was decided on a motion for summary judgment, complete with an evidentiary record. Defendant here is seeking dismissal pursuant to the PLRA 42 U.S.C. § 1997e(a) and Pavey v. Conley, 544 F. 3d 739 (7th Cir. 2008). In Thompson the defendant presented evidence indicating that although the plaintiff was transferred to a different facility, the Cook County Jail grievance procedure remained available to him and that he failed to exhaust. In Thompson, all of the defendant's L.R. 56.1 statements were deemed admitted. One of the statements asserted that the Cook County Jail accepts grievances by mail for detainees who are transferred to other facilities prior to exhausting their administrative remedies at the Jail. The evidence used to support this statement of fact was the affidavit of a Programs Coordinator. The Programs Coordinator's affidavit provides no indication that detainees

3

at the jail are informed that upon transfer, their grievances will still be accepted if mailed from their new place of incarceration.

In this case, defendant has offered no evidence that the grievance policy remains available for detainees transferred to different facilities. The policy itself and the affidavits provided are silent in this regard. Also, in pursuing dismissal via Pavey, defendant bears the burden of establishing the affirmative defense of failure to exhaust administrative remedies. In this case, plaintiff has pled that when he arrived at Stateville he sought information about filing a grievance and was told that he could not file one because he was no longer a detainee at the Cook County Jail. In other words, the grievance process was unavailable to him. The record is silent, aside from plaintiff's pleading, as to whether he had available remedies once he got to Stateville. Thus, unlike the record in Thompson, defendant has provided no evidence that the procedure remained available to plaintiff after his transfer to Stateville. See Pauls v. Green, 816 F. Supp. 2d 961, 968 (D. Idaho, September 7, 2011).

Plaintiff must exhaust only those administrative remedies that are available to him. Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002); citing 42 U.S.C. § 1997e(a); Johnson v. Litscher, 260 F.3d 826, 829 (7th Cir. 2001). In Lewis, the Seventh Circuit joined other circuits in holding that unavailable remedies need not be pursued "because we refuse to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances.'" Lewis, 300 F.3d at 833; citing Goodman v. Carter, 2001 U.S. Dist. LEXIS 9213, No. 2000 C 948, 2001 WL 755137, at *3 (N.D. Ill. July 2, 2001). Defendant notes that plaintiff returned to Cook County Jail on September 2, 2011, suggesting that on return the policy became available to him yet he filed no grievance. However, the policy is clear on this point. A

4

grievance must be filed within 15 days of the grievable event.  See Defendant's Exhibit C, Attachment 1 General Order 14.5 Sec III(B)(2).  According to the grievance policy, therefore, on return to the Jail the process remained unavailable to plaintiff.

Defendant has provided no evidence that the grievance process was available to plaintiff after his transfer, and the court finds that based on the record, dismissal would be inappropriate at this stage of the litigation.  See Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006).

For these reasons, defendant's motion to dismiss is denied. Defendant is directed to answer the complaint on or before November 30, 2012.  This matter is set for status hearing on December 4, 2012 at 9:00 a.m.


**ENTER:** **October 30, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**

5